IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CHASITY SPURLOCK, HOLLY ELLIOTT, and TIFFANY THOMAS,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPLETE CASH HOLDINGS, LLC d/b/a Complete Cash Discount Title Pawn, WORKFORCE HOLDINGS, LLC d/b/a Complete Cash Discount Title Pawn, ADP TOTALSOURCE FL XVIII, INC. d/b/a Complete Cash Discount Title Pawn, RELOGIO, LLC d/b/a Complete Cash Discount Title Pawn, JOHN DOE 1 d/b/a Complete Cash Discount Title Pawn, and LISA WEBSTER,<br><br>Defendants. | Civil Action No. 4:19-cv-219-AT |

---

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2 NDGa, Plaintiffs Chasity Spurlock, Holly Elliott, and

Tiffany Thomas and Defendants Complete Cash Holdings, LLC ("Complete Cash

Holdings") and Relogio, LLC ("Relogio"),[1] submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

1. DESCRIPTION OF CASE:

(a) Describe briefly the nature of this action.

This is an FLSA overtime action.

Complete Cash Holdings and Relogio each deny Plaintiffs' allegations and contend, among other things, that each plaintiff was employed in a bona fide position which exempted them from any FLSA overtime wage requirements. Complete Cash Holdings and Relogio further deny that Plaintiffs are entitled to any of the damages or relief that they seek.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    (1)    Plaintiffs' Factual Contentions:

Defendants employed Plaintiffs Spurlock as a Floating Manager at their Complete Cash Discount Title Pawn stores located in Summerville, Trion,

---

[1] Defendants Complete Cash Holdings, LLC and Relogio, LLC are the only Defendants to this action that have filed Answers as of the date of this filing. [Dkts. 14 and 15] On December 9, 2019, these Defendants also filed a Motion to Dismiss [Dkt. 16] which is currently pending. Defendant Lisa Webster was successfully served with process on October 8, 2019. [Dkt. 13] She has failed to file any responsive pleading and is currently in default. Plaintiffs have been unsuccessful in their attempts to serve Defendants Workforce Holdings, LLC and ADP Totalsource FL XVIII, Inc.

Lafayette, Trenton, Fort Oglethorpe, Ringgold and Rossville, Georgia from August 21, 2017 through September 28, 2018.

Defendants employed Plaintiffs Elliott as a Manager at their Complete Cash Discount Title Pawn store in Fort Oglethorpe, Georgia from September 2017 through October 31, 2018.

Defendants employed Plaintiffs Thomas as a Manager at their Complete Cash Discount Title Pawn store in Fort Oglethorpe, Georgia, from approximately October 2016 until October 2017. Defendants employed Plaintiffs Thomas as a Co-Manager at their Complete Cash Discount Title Pawn store in Rossville, Georgia, from approximately November 2017 until November 27, 2018.

Plaintiffs' primary duties consisted of assisting Defendants' customers with pawn and loan transactions in Complete Cash Discount Title Pawn stores owned and/or operated by Defendants. Plaintiffs regularly worked in excess of 40 hours per week including, including significant off-the-clock work performed outside of regular business hours.

Plaintiffs were not exempt from the FLSA maximum hours provisions by reason of any exemption, yet Defendants failed to compensate them at one-and-one-half their regular hourly rates for each hour they worked in excess of 40 hours during each work week..

(2)    *Defendant's Factual Contentions:*

Complete Cash Holdings, LLC was a Georgia limited liability company with its principal office located in Rome, Georgia. Complete Cash Holdings was officially dissolved on May 22, 2018 and terminated all of its business operations on December 31, 2016 following the sale of its assets to another company.

While it was doing business, Complete Cash Holdings utilized the services of a staffing company called Etowah Employment to provide employees. Plaintiff Tiffany Thomas was one such employee of Etowah Employment who was staffed in a Complete Cash Holdings store in Fort Oglethorpe, Georgia from October 3, 2016 to December 31, 2016. Plaintiff Thomas worked as a manager in this store. Because of the job duties that Plaintiff Thomas performed as manager of this store, Plaintiff Thomas is classified as an employee employed in a bona fide capacity which made her exempt from the overtime wage requirements under Federal law. Thus, Complete Cash Holdings is not liable to Plaintiff Thomas for any alleged injuries that they have suffered.

Complete Cash Holdings contends that it was never in an employer-employee relationship with Holly Elliott and Chasity Spurlock. Both plaintiffs claimed that they were hired in late 2017 which is almost a year after Complete Cash Holdings

ceased all business operations. Accordingly, Complete Cash Holdings is not liable to Plaintiffs Elliott and Spurlock for any alleged injuries that they have suffered.

Relogio, LLC is a Georgia limited liability company with its principal office located in Rome, Georgia. Relogio is a staffing company which hires employees who can then be staffed out for temporary or long-term work at other companies

Relogio hired each of the Plaintiffs after each had been working at various times for another staffing company called Etowah Employment. Relogio kept staffing each of the Plaintiffs in the positions they have previously been working in, which was as managers for various stores owned by a company called Agora Notus, LLC. While working as managers in Agora Notus' stores, Plaintiffs' job duties which they performed caused them to be classified as an employee employed in a bona fide capacity which made each of them exempt from the overtime wage requirements under Federal law. Therefore, Relogio is not liable to any of the Plaintiffs for any alleged injuries that they have suffered.

(c)     **The legal issues to be tried are as follows:**

1.     Whether Defendants were Plaintiffs' "employers" as defined in the FLSA;

2.     Whether Defendants' businesses were an enterprise covered by the FLSA;

3.      Whether Plaintiffs were exempt from the FLSA's maximum hour requirements;

4.      Whether Plaintiffs' claims are barred by a previous settlement;

5.      The amount of unpaid overtime wages, if any, that Plaintiffs are entitled to recover;

6.      Whether Defendants' actions were "willful" within the meaning of 29 U.S.C. § 255(a) so as to extend the FLSA's statute of limitations to three years;

7.      Whether Defendants' actions were taken in good faith so as to render an award of liquidated damages discretionary rather than mandatory;

8.      The amount of costs, including reasonable attorneys' fees, if any, that Plaintiffs are entitled to recover;

9.      Whether Complete Cash Holdings is entitled to prevail on any of its defenses; and

10.     Whether Relogio is entitled to prevail on any of its defenses.


The Parties reserve the right to amend and/or add to this list of issues to be tried.

**(d)     The cases listed below (include both style and action number) are:**

Pending Related Cases: None

Previously Adjudicated Related Cases: None

2.    **THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

|  |  |  |
|---|---|---|
|  | (1) | Unusually large number of parties. |
|  | (2) | Unusually large number of claims or defenses. |
|  | (3) | Factual issues are exceptionally complex. |
|  | (4) | Greater than normal volume of evidence. |
|  | (5) | Extended discovery period is needed |
|  | (6) | Problems locating or preserving evidence. |
|  | (7) | Pending parallel investigations or action by government. |
|  | (8) | Multiple use of experts. |
|  | (9) | Need for discovery outside United Stated boundaries. |
|  | (10) | Existence of highly technical issues and proof. |
|  | (11) | Unusually complex discovery of electronically stored information. |

3.    **COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

Matthew W. Herrington
Georgia Bar No. 275411
Mitchell D. Benjamin
Georgia Bar No. 262375
Charles R. Bridgers

Georgia Bar No. 080791

101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com
matthew.herrington@dcbflegal.com

For Defendants Complete Cash Holdings, LLC and Relogio, LLC:

**Cox, Byington, Twyman & Johnson, LLP**

Christopher P. Twyman
Georgia Bar No. 720660
M. West Evans
Georgia Bar No. 131714

711 Broad Street
Rome, Georgia 30161
Telephone: (706) 291-2002
Facsimile: (706) 291-6242
chris.twyman@cbtjlaw.com
west.evans@cbtjlaw.com

4. **JURISDICTION:**

Is there any question regarding this court's jurisdiction?

_____ Yes        __x__ No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5. **PARTIES TO THIS ACTION:**

(a)  The following persons are necessary parties who have not been joined:

For the Plaintiff: <u>None</u>.

For Defendants Complete Cash Holdings and Relogio: <u>Employment Innovations, Inc. d/b/a Etowah Employment and/or Employment Alliances, LLC d/b/a Etowah Employment</u>

(b)  The following persons are improperly joined as parties:

<u>None.</u>

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: <u>None</u>.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: <u>Plaintiffs anticipate possible amendment to rename the John Doe Plaintiff or add Etowah Employment as a party.</u>

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **FILING TIMES FOR MOTIONS:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     Motions Objecting to Expert Testimony: *Daubert* motions with regard
to expert testimony no later than the date that the proposed pretrial
order is submitted.  Refer to Local Rule 7.2F.

8.     INITIAL DISCLOSURES

The parties are required to serve initial disclosures in accordance with Fed. R.
Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the
party and the basis for the party's objection. NOTE: Your initial disclosures should
include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures.

Plaintiffs request a modification to Rule 26(a)(1)(A)(iii)'s requirement
regarding initial disclosures of the damages amounts claimed by Plaintiffs, rather
than just the method of calculating damages, until Plaintiffs are able to review all
relevant time and pay records, which are in Defendants' possession and which will
assist Plaintiffs in accurately estimating their damages. *See, e.g., Youngclaus v.
Aarene Contracting, LLC and Gary Mills*, No. 1:14-CV-1723-RWS (N.D. Ga. Sep.
3, 2014) (permitting Plaintiffs to provide the figures to be used in his damages
calculations within 30 days of receiving Defendant's written discovery responses);
*Brackett v. Aarene Contracting, LLC and Gary Mills*, No. 1:13-cv-1461-AT (N.D.
Ga. Jun. 13, 2013) (amending initial disclosure obligations and allowing plaintiffs

30 days from date of defendant's responses to Plaintiffs' first request for production of documents within which to provide damages figures); *Stone v. Innovative Product Achievements, LLC*, No. 1:12-cv-01640-MHS [Doc. 16] (N.D. Ga., July 12, 2012) (amending initial disclosure obligations and allowing plaintiffs 30 days from date of defendant's responses to Plaintiffs' first request for production of documents within which to provide damages figures); *see also Connolly v. Smugglers' Notch Mgmt. Co.*, No. No. 2:09–CV–131, 2009 WL 3734123 *3 (D. Vt. Nov. 5, 2009) ("[I]t is unreasonable to expect a Plaintiffs to allege with specificity much beyond the pleadings here as she has not yet been able to conduct discovery. Few employees could possibly remember the exact overtime hours they worked over a period of years without being able to engage in discovery."); *Acho v. Cort*, No. C 09–00157, 2009 WL 3562472, *3 (N.D. Cal. Oct. 27, 2009) ("It cannot be the case that a Plaintiffs must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records."); *Cf., Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. 1:06-cv-2000-JEC, 2007 WL 1500269 (N.D. Ga., May 18, 2007) (denying defendant's motion to compel because plaintiffs were permitted to wait until defendant/employer provided payroll information "resulting in a corresponding delay in Plaintiffs' ability to provide a precise computation of damages.").

Plaintiffs request that the Court modify Rule 26(a)'s damages calculation requirement as follows: "Plaintiffs shall be required to disclose the method of calculation of all damages with its initial disclosures, and Plaintiffs shall be required to provide the figures to be used in those calculations (i.e., the unpaid overtime claimed, the compensation to be included in the regular rate, and the calculation of damages based on the regular rate) within thirty (30) days of Defendants' complete production of relevant documents in response to Plaintiffs' first request for production of documents."

## 9.   REQUEST FOR SCHEDULING CONFERENCE

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time, but each party reserves the right to do so.

## 10.   DISCOVERY PERIOD

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

<u>Defendants Compete Cash Holdings and Relogio filed a joint motion to dismiss Count I of the Complaint. The Parties request that the discovery period be stayed pending the Court's order on the motion. Should the Court not fully grant the motion, and thus keeping one or both of said Defendants in this case, the discovery period will begin seven (7) days after the Court's order on the motion to dismiss.</u>

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- <u>Plaintiffs' job duties;</u>

- <u>Plaintiffs' compensation ;</u>

- <u>Plaintiffs' hours worked;</u>

- <u>Defendants' general business activities;</u>

- <u>Defendants' annual revenues in the four years preceding the filing of this action;</u>

- The factual basis of Defendants' contention that any violations of the FLSA, if any, were done in "good faith";

- Defendants' efforts to investigate and comply with the requirements of the FLSA;

- Defendant's knowledge of the requirements of the FLSA.

- Defendants Complete Cash Holdings and Relogio each anticipate seeking discovery on all claims alleged in Plaintiffs Complaint and on all affirmative defenses which have been raised by each defendant in response to Plaintiffs' Complaint. Both Complete Cash Holdings and Relogio also anticipate that depositions of each named plaintiff will be required as to the matters set forth by each plaintiff in the Complaint.

Pursuant to Appendix F, this case is subject to a four-month track. **Due to the subjects listed above, the Parties requests a six-month discovery period rather than the default four-months.**

## 11.  DISCOVERY LIMITATIONS:

(a)     What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

All discovery requests, responses, and other materials—including document production—shall be served by electronic mail.

Plaintiffs request that Defendants be required to serve any subpoena directed to Plaintiffs' current employers on Plaintiffs' counsel at least 48 hours prior to service upon the employer, and that if within 48 hours Plaintiffs provide a written objection thereto, that Defendants will not serve the proposed subpoena until the Parties have resolved their objections in writing or until the Court has ruled upon any objections thereto, so long as the objection is made in good faith and with a reasonable belief that the subpoena should be limited or not served.

(b)     Is any party seeking discovery of electronically stored information?

_____X_____ Yes _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

See Entry under (2).

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable

Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Electronic mail and any other form of digital file may be produced in either native (e.g., .pst, .xcl., .mdb, .doc) or static (e.g., .pdf) format. If either party thereafter requests that specified document(s) be produced in native format or that any Metadata be produced, the parties may discuss the same and attempt to reach an agreement. If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible and describe with adequate detail the factual basis of the undue burden objection. If the Parties cannot reach agreement, they shall jointly seek guidance from the Court.

## 12.   OTHER ORDERS:

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

Due to the subject matter of this case, discovery requests are likely to produce material which contains sensitive and confidential financial information

<u>concerning the Parties and non-parties. The parties will meet and confer regarding</u>

<u>the preparation of a stipulated protective order to govern the production sensitive</u>

<u>information in this case. The Parties believe that a Protective Order is necessary to</u>

<u>guard against public disclosure of commercially, personal, and financially sensitive</u>

<u>information. The Parties will comply with this Court's Standing Order regarding</u>

<u>protective orders. No intervention by the Court is needed at this time on this issue</u>

**13.   SETTLEMENT POTENTIAL:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on <u>January 8, 2020,</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs: Lead counsel (signature): <u>*s/ Matthew W. Herrington*</u>

     Other participants:

Lead counsel for Relogio:   <u>*/s/ Christopher P. Twyman*</u>

     Other Participants: M. West Evans, Esq.

Lead counsel for Complete Cash Holdings:      <u>*/s/ Christopher P. Twyman*</u>

     Other Participants: M. West Evans, Esq.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(＿＿＿)   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(＿＿＿)   A possibility of settlement, but a conference with the judge is needed.

(＿＿＿)   No possibility of settlement.

(c)   Counsel (_____ X _____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d)   The following specific problems have created a hindrance to settlement of this case.

The pendency of a potentially dispositive motion to dismiss.

**14. TRIAL BY MAGISTRATE JUDGE:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States

Magistrate Judge form has been submitted to the clerk of this court this _____

day of _____ 2019.

(b)    The parties ( X ) do not consent to having this case tried before a

magistrate judge of this court.

Respectfully submitted this 9th day of January 2020,

| | |
|---|---|
| **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC** | **COX, BYINGTON, TWYMAN & JOHNSON, LLP** |

*s/Matthew W. Herrington*            *s/  Christopher P. Twyman__*
Charles R. Bridgers                  Christopher P. Twyman
Ga. Bar No. 080791                   Georgia Bar No. 720660
Matthew W. Herrington                M. West Evans
Georgia Bar No. 275411               Georgia Bar No. 131714
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375               711 Broad Street
                                     Rome, Georgia 30161
101 Marietta Street NW               Telephone: (706) 291-2002
Suite 2650                           Facsimile: (706) 291-6242
Atlanta, GA 30303                    Email:  chris.twyman@cbtjlaw.com
(404) 979-3150                       Email: west.evans@cbtjlaw.com
(404) 979-3170 (facsimile)
charlesbridgers@dcbflegal.com        Counsel for Complete Cash Holdings,
kevin.fitzpatrick@dcbflegal.com      LLC and Relogio, LLC
matthew.herrington@dcbflegal.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **CHASITY SPURLOCK, et al.,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. 4:19-cv-219-AT |
| **COMPLETE CASH HOLDINGS, LLC et al.,** | |
| **Defendants.** | |

### CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: January 10, 2020

/s/ Matthew W. Herrington
Matthew W. Herrington
Georgia Bar No. 275411