IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CHASITY SPURLOCK, et al.,

      **Plaintiffs,**

          **vs.**                   Civil Action No. 4:19-cv-219-AT

COMPLETE CASH HOLDINGS, LLC et
al.,

      **Defendants.**

---

### CONSENT ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

---

**<u>Proceedings and Information Governed.</u>**

1.     This Order ("Protective Order") is made under <u>Fed. R. Civ. P. 26(c)</u>.

It governs any document, information, or other thing furnished by any party to any

other party, and it includes any non-party who receives a subpoena in connection

with this action. The information protected includes, but is not limited to: answers

to interrogatories; answers to requests for admission; responses to requests for

production of documents; deposition transcripts and videotapes; deposition

exhibits; deposition testimony; and other writings or things produced, given or

filed in this action that are designated by a party as "Confidential Information" in

accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, the term Confidential Information means that the document falls within one or more of the following categories:

(1)     a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act;

(2)     personal identifying information, such as a Social Security number;

(3)     employee personnel records;

(4)     personal health information; or

(5)     it contains other information protected from disclosure by statute.

To be treated as Confidential Information, documents and things produced during the course of this litigation within the scope of this paragraph must be designated by the producing party as containing confidential information by placing on each page and each thing a legend substantially as follows: "**CONFIDENTIAL INFORMATION.**"

3.     After a document is produced marked with a legend indicating "Confidential Information" as described above, the producing party is required, within ten days, to specify what information in each document it contends should be treated as Confidential Information.

4.     To be treated as Confidential Information, information disclosed at a deposition must be designated as Confidential by either (a) indicating on the record at the deposition that the testimony is Confidential and subject to this Order, or (b) notifying the other Parties in writing within ten days of receipt of the transcript of the pages and lines and/or exhibits that contain Confidential Information. Unless otherwise agreed to by the Parties at the conclusion of the deposition, the transcript and exhibits will be treated as Confidential until the conclusion of the aforementioned ten day period.  If a Party designates deposition testimony or exhibits as Confidential, the Designating Party is responsible for notifying the applicable court reporter and videographer (if any) about such designation, and the Designating Party shall bear any costs associated with the designations.

5.     Recognizing the significant burdens on the Parties and the Court that designating information as Confidential may create, each Party shall exercise good faith and reasonable discretion in designating material as Confidential. Nothing

may be designated CONFIDENTIAL unless it is information believed in good faith to fall within one of the five categories enumerated above in Paragraph 1.

**Inadvertent Failure to Designate.**

6.     The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Inadvertent Disclosure and Claw-Back Rights.**

7.     As provided by the Federal Rules of Civil Procedure and applicable case law, if a party inadvertently produces a document or documents that contain information protected from disclosure under the attorney-client privilege or other privilege available at law, upon receipt of written notice requesting the "claw back" of such inadvertent production, the party receiving such information must immediately return all copies of the inadvertently produced documents and acknowledge no copies or electronic copies have been retained within three (3) days of receipt of the "claw-back" request.

**Challenge to Designations.**

8.     A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, the designating must file and serve a motion (within twenty (20) business days of the Parties' failed conference efforts) for judicial determination regarding the propriety of the disputed designation. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

**Disclosure and Use of Documents Designated "Confidential Information."**

9.     Documents designated as "Confidential Information" may be disclosed by the receiving party only to the following individuals ("Qualified Persons"), provided that such individuals are informed of the terms of this Protective Order: (a) the Parties themselves, their counsel, and employees of the

receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel for the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) consultants and experts retained or employed to assist counsel for the parties specifically for and in the preparation of this litigation for trial or settlement, and the employees or agents for these consultants and experts (hereafter "experts"); (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (g) the Defendant and its officials, and the Plaintiff; (h) the authors, addressees, or originators of the "Confidential Information"; and (i) other persons noticed for deposition or designated as witnesses for trial or any other hearing or proceeding in this litigation (hereafter "witnesses") with a need to know confidential information.

10.     If an attorney desires to give, show, make available, or communicate properly designated Confidential Information by an opposing party to any "experts" or "witnesses," each person to whom the matter is to be given, shown, made available, or communicated that such person read the provisions of the Protective

Order and be admonished of the restraint imposed upon him or her as set forth in the Protective Order. Notwithstanding any of the foregoing, at the conclusion of the deposition, the party who has produced the Confidential Information may ask the deponent be given a copy of this Protective Order with request that such person read the provisions of the Protective Order and be admonished of the restraint imposed upon him or her as set forth in the Protective Order.

11.     A Party or individual who desires to disclose Confidential Information covered by the Protective Order to an individual, to whom disclosure is not expressly permitted or excepted to as set forth above, may only disclose such Confidential Information upon Order of the Court or upon the express written consent of the Party seeking confidentiality or face the threat of penalty of contempt and other civil remedies under the terms of the Protective Order.

**Filing Documents With the Court.**

12.     If any party wishes to submit unredacted confidential information to the court, the submission must be filed under seal pursuant to the Northern District of Georgia Local Rules and contain the appropriate designation pursuant to this Protective Order.

13.     Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in

opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia. Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the confidential information should be filed under seal.

14.    The parties may not file documents under seal without a Court order, even if all parties consent to the filing under seal.  If an attorney wishes to file any document containing unredacted Confidential Information, or any pleading, brief, or attachment thereto that quotes Confidential Information, the attorney shall first give reasonable notice thereof to opposing counsel. The parties shall then, prior to any such filing, make reasonable, good faith efforts to reach an agreement, if necessary, to protect the unredacted Confidential Information from public disclosure.  If the parties cannot reach such an agreement, then the party making the submission must present a motion and/or consent order regarding said document to the Court to file under seal, following the procedures set forth in "Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means," attached

as Exhibit A to Standing Order 16-01, and included in Appendix H of this Court's Local Rules. See also LR NDGa., App. H., Ex. A, Section II(J).

**Other Proceedings.**

15.   By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated as "Confidential Information" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

16.   Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order. Parties may seek appropriate remedies for breach of the provisions of this Protective Order, only after providing the party allegedly in breach with written notice specifying the alleged breach and allowing the party ten (10) days within which to reasonably cure the alleged breach.

AGREED TO BY:

_s/ Matthew W. Herrington_                    _s/Christopher P. Twyman_
Mitchell D. Benjamin                           Christopher P. Twyman
Ga. Bar No. 049888                             Georgia Bar No. 720660
Matthew W. Herrington                          M. West Evans
Georgia Bar No. 275411                         Georgia Bar No. 131714

**DeLong Caldwell Bridgers**                   711 Broad Street
**Fitzpatrick & Benjamin, LLC**                Rome, Georgia 30161
                                               Telephone: (706) 291-2002
3100 Centennial Tower                          Facsimile: (706) 291-6242
101 Marietta Street                            Email:  chris.twyman@cbtjlaw.com
Atlanta, GA 30303                              Email: west.evans@cbtjlaw.com
(404) 979-3150
(404) 979-3170 (facsimile)                     Counsel for Complete Cash Holdings
benjamin@dcbflegal.com                         LLC and Relogio, LLC
matthew.herrington@dcbflegal.com

Counsel for Plaintiffs


* * * * *


DONE AND ORDERED this 13th day of January 2020.



Hon. Amy Totenberg
Judge, United States District Court