IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CHASITY SPURLOCK, HOLLY ELLIOTT, and TIFFANY THOMAS,<br><br>Plaintiffs,<br><br>vs.<br><br>\COMPLETE CASH HOLDINGS, LLC, RELOGIO, LLC, AGORA NOTUS, LLC, and LISA WEBSTER,<br><br>Defendants. | Civil Action No. 4:19-cv-219-AT |

**DECLARATION OF MATTHEW W. HERRINGTON**

Pursuant to 28 U.S.C. §1746 Matthew W. Herrington hereby submits his declaration in further support of Plaintiffs' Motion for Attorney's Fees and Costs:

1. My name is Matthew W. Herrington. I am over the age of twenty-one (21) and suffer from no legal disabilities. I make the following Declaration based on my personal knowledge as well as the contemporaneous business records of my firm.

2. I graduated from the Florida State University in 2004 with a Bachelor of Arts in Russian, with Honors in the Major, and having been named Outstanding Undergraduate in Slavic in three different years. Beginning in 2004, I attended the Harvard University Graduate School of Arts and Sciences as a Ph.D. candidate, and received a Master of Arts degree in

Slavic Languages and Literatures in 2008. After spending one year (2009-2010) in Daegu, South Korea, as an English instructor, I attended the University of Georgia School of Law in Athens, Georgia, where I was a recipient of multiple merit scholarships, and graduated *cum laude* in 2013. I have been a member in good standing of the State Bar of Georgia since October 2013.

3. During my time at the University of Georgia School of Law, I spent two semesters working in the Criminal Defense Clinic where I assisted attorneys in the Western District Public Defender's Office on felony criminal cases in the Athens-Clarke County Superior Court. I also spent one semester in the Capital Assistance Project, during which time I drafted a motion for new trial for a client convicted of murder and sentenced to death in Walton County, Georgia. Additionally, I worked for numerous Atlanta criminal attorneys throughout law school drafting motions and appellate briefs in both federal and state courts. By the time I was admitted to the State Bar of Georgia, I had briefed approximately 6 appeals, including a murder appeal to the Supreme Court of Georgia and three federal criminal appeals to the 5th and 11th Circuit U.S. Courts of Appeal.

4. I have been practicing law since my graduation, from the law school in 2013. Immediately after my graduation through approximately October 31, 2014, I was an associate attorney employed by the firm of Smith & Collins,

|   |   |
|---|---|
|   | LLC, a general practice law firm in Atlanta, Georgia, where my practice focused on Fair Labor Standards Act, wrongful foreclosure, and general business litigation. Since November 1, 2014, I have worked at DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC (formerly DeLong, Caldwell, Bridgers & Fitzpatrick, LLC) as an associate attorney. There, my practice has been overwhelmingly focused on Fair Labor Standards Act litigation, as well as litigation involving the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Employee Retirement Income Security Act of 1974. I am a member of the National Employment Lawyers Association (NELA) and its Georgia affiliate. |
| 5. | During my career I have represented more than 200 clients in FLSA individual and collective actions. Representative FLSA cases include *Weakland et al. v. Unique Refinishers, Inc. et al.*, 1:19-cv-2581-MHC (N.D. Ga.) (FLSA collective action on behalf of 10 plaintiffs against national tile and tub refinishing company, settled after discovery for $165,000); *Greene v. Tyler Technologies, Inc.*, 1:19-cv-1338-AT (N.D. Ga.) (summary judgment granted on administrative exemption defense in case against national software company); *Brummett et al. v. Girls Galore, Inc. et al.*, 1:14-cv-4033-AT (N.D. Ga.) (FLSA action against male strip club settled together with two related actions for $235,000); *Martin v. Jobo's, Inc. et al.*, 1:13-cv- |

4242-RWS (N.D. Ga.) (judgment for $67,483.10 plus $41,257.22 in attorney's fees and costs for bartender following successful bench trial); *Dean v. 1715 Northside Drive, Inc. et al.*, 1:14-cv-3775-CAP (N.D. Ga.) (partial summary judgment granted to exotic dancer, settlement for $100,000); *Newell et al. v. IDK, Inc. et al.*, 1:14-cv-0219-TCB (N.D. Ga.) (confidential FLSA settlement on behalf of fifteen exotic dancers); *Drews v. Jobo's, Inc. et al.*, 1:14-cv-3774-ODE (N.D. Ga.) (settlement for $66,694 plus $25,223.03 in attorney's fees and costs for bartender); *Hart v. WBY, Inc. et al.*, 1:15-cv-67-AT (N.D. Ga.) (confidential FLSA settlement for waitress approved by this Court); *Carter v. Doll House II, Inc. et al.*, Appeal No. 14-13132-AA (11th Cir.) (partial affirmance of trial court's denial of motion to compel arbitration); *Rawley et al. v. Tattle Tail, Inc. et al.*, 1:15-cv-03550-AT (N.D. Ga.) (confidential FLSA settlement for two exotic dancers).

6. I am admitted in all state and federal trial and appellate courts in Georgia. I have practiced employment law—primarily Fair Labor Standards Act litigation—since approximately October 2013, primarily in the Atlanta metropolitan area but also throughout the state of Georgia. I have been an invited presenter at a CLE session organized by the Georgia chapter of the National Employment Lawyers Association. I have twice presented oral argument before the 11th Circuit in FLSA matters.

7. Under the supervision of partners Charles R. Bridgers Mitchell D. Benjamin, I have performed the majority of the work during three phases of this case: successfully opposing Defendants' Motion to Dismiss, settlement negotiations, and preparation of the fee petition. I also began preparing to take depositions but those never occurred due to settlement.

8. In February 2021, after Defendants' counsel expressed their intention of opposing our firm's hourly rates (i.e., Atlanta rates), I performed research on this Court's CM/ECF system regarding the number of FLSA cases filed in the Rome Division since January 1, 2015 and the identities and locations of the counsel who represented those plaintiffs.

9. The results of my research are summarized in the chart attached hereto as Attachment A.

10. As shown in Attachment A, in only two of the 48 FLSA cases filed in the Rome Division since January 1, 2015, have the plaintiffs be represented *solely* by attorneys whose office addresses are located within this division. In the remaining cases, the plaintiffs were represented solely by attorneys who practice out of other divisions (or even states), or by out-of-town attorneys together with local counsel from Dalton, Georgia.

11. In no cases were the local counsel actually practicing employment lawyers. Attorney John McCown, whose offices are in Dalton, Georgia, regularly appears in FLSA cases in this division, but he is not an FLSA specialist.

Rather, he advertises his areas of practice as personal injury and worker's compensation. *See* Attachment B hereto (Mr. McCown's profile from his firm website).

12. In every FLSA case in which Mr. McCown has appeared, his co-counsel has been R. Scott Jackson, Jr., of Nashville, Tennessee. FLSA matters are featured prominently on Mr. Jackson's firm website. *See* Attachment C hereto (the "Practice Areas" page from his firm website).

13. Additionally, I have searched the membership listing of the Georgia Affiliate of the National Employment Lawyers Association and found that only one current member practices from Rome, Georgia (i.e., David Guldenschuh), and that no members practice from Dalton Georgia.

14. In my experience, virtually every attorney in Georgia who has a substantial employment law practice is a member of NELA-GA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of March 2021.

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

# ATTACHMENT A

## FLSA Cases Filed in Rome Division, Jan. 1 2015 through Feb. 24, 2021

| Case No. | Case Caption | Attorney, City | Filed and Closed Dates |
|---|---|---|---|
| 4:15-cv-00013-WEJ | McCloud v. SECO Architectural Systems Inc. | Christian Sotomayor, Rome | filed 01/30/15 closed 07/27/15 |
| 4:15-cv-00105-HLM | Thomas v. Carpenter et al | Jackson, Nashville; John McCown, Dalton | filed 06/18/15 closed 09/18/15 |
| 4:15-cv-00135-HLM | Harris et al v. Comfort Care Transportation Services, Inc. et al | Dodson, New York, NY | filed 07/30/15 closed 09/26/16 |
| 4:15-cv-00233-HLM | Mays v. Patel | Lemuel Kemp, Dalton | filed 12/10/15 closed 03/16/16 |
| 4:15-cv-00243-HLM | Hawkins v. Comfort Care Transport Services, Inc. et al | Jackson, Nashville | filed 12/18/15 closed 03/09/18 |
| 4:16-cv-00005-WEJ | Fitzgerald v. Metro Septic LLC et al | Orr Brown, Gainesville | filed 01/11/16 closed 02/02/17 |
| 4:16-cv-00031-HLM | Sierra v. Comfort Care Transport Services, Inc. et al | Jackson, Nashville; John McCown, Dalton | filed 02/12/16 closed 03/09/18 |
| 4:16-cv-00216-HLM | Dyer v. Ellard | Jackson, Nashville; John McCown, Dalton | filed 07/12/16 closed 03/02/17 |
| 4:16-cv-00294-HLM | Craig v. CS Granite, LLC et al | Jackson, Nashville; John McCown, Dalton | filed 10/12/16 closed 01/11/17 |
| 4:16-cv-00353-WEJ | Phillips v. Imperial Landscapes, Inc. et al | Jackson, Nashville; John McCown, Dalton | filed 11/30/16 closed 03/24/17 |
| 4:17-cv-00008-HLM | Brownlow v. Coosa Country Club Corporation | Garber, Marietta | filed 01/19/17 closed 04/25/17 |
| 4:17-cv-00042-HLM | Cogdell v. Frazee Construction Co Inc. et al | Leach, Winter Park, FL | filed 03/06/17 closed 07/10/17 |
| 4:17-cv-00055-HLM | Shoemaker v. Angel Emergency Medical Services, LLC et al | Jackson, Nashville; John McCown, Dalton | filed 03/15/17 closed 10/12/18 |
| 4:17-cv-00086-HLM | Chandler v. Pye Automotive Group, LLC et al | Taylor, Statham; Stembridge, Atlanta; Thomas, Atlanta | filed 05/08/17 closed 09/26/18 |
| 4:17-cv-00153-HLM | Alford v. Dalton Georgia Wholesale Floor Covering, Inc. et al | DCBFB, Atlanta | filed 07/10/17 closed 03/08/18 |
| 4:17-cv-00293-HLM | Morgan v. T&T Produce, Inc. | Jackson, Nashville; John McCown, Dalton | filed 12/21/17 closed 06/15/18 |
| 4:18-cv-00017-HLM | Lopez v. Dalton Hospitality Hotel Services, LLC et al | DCBFB, Atlanta | filed 01/22/18 closed 06/19/19 |
| 4:18-cv-00076-HLM | Chester v. LNR Enterprise, LLC et al | Frisch, Plantation, FL | filed 03/28/18 closed 12/26/18 |
| 4:18-cv-00103-WEJ | Ratchford v. Regions Financial Corporation et al | Allred, Dalton; Barnes, Marietta; Tribble, Marietta; Waycaster, Dalton | filed 05/04/18 closed 03/08/19 |
| 4:18-cv-00107-HLM | Waters v. Toki Sushi, Inc. | Martin, Tucker | filed 05/08/18 closed 02/26/19 |
| 4:18-cv-00127-HLM | Johnson et al v. Floyd County, Ga | LoRusso, Atlanta, McKenzie, Atlanta | filed 05/25/18 closed 10/22/18 |
| 4:18-cv-00166-HLM | Potter v. Regency Senior Living, LLC | Jackson, Nashville; John McCown, Dalton | filed 07/12/18 closed 11/08/18 |
| 4:18-cv-00219-HLM | Gibson v. Chattanooga Pizza LLC | Weiner, Atlanta | filed 10/03/18 closed 01/08/19 |
| 4:18-cv-00220-HLM | Gaddis v. Carpenter's Wrecker Service, Inc. | Jackson, Nashville; John McCown, Dalton | filed 10/09/18 closed 12/07/18 |
| 4:18-cv-00261-HLM | Jones v. C&S Construction | Duguay, Philadelphia; Morgan, Orlando | filed 11/27/18 closed 05/14/19 |
| 4:19-cv-00009-WEJ | Lawson v. Natco Products Corporation | DCBFB, Atlanta | filed 01/16/19 closed 03/29/19 |
| 4:19-cv-00044-HLM | Devlin et al v. Acosta, Inc. | Jackson, Nashville; John McCown, Dalton | filed 03/08/19 closed 09/13/19 |
| 4:19-cv-00053-WEJ | Wooldridge v. Gateway Transportation of Georgia, Inc. | Garber, Marietta | filed 03/19/19 closed 10/31/19 |
| 4:19-cv-00057-HLM | Starkey v. American Roofing Company LLC | Roberts, Atlanta | filed 03/28/19 closed 08/12/19 |
| 4:19-cv-00092-HLM | Taylor v. Vanguard National Trailer Corporation | Jackson, Nashville; John McCown, Dalton | filed 05/10/19 closed 11/12/19 |
| 4:19-cv-00098-HLM | Howren v. Seay's Plumbing LLC et al | Keebaugh, Decatur | filed 05/16/19 closed 11/12/19 |
| 4:19-cv-00130-LMM | Cleary v. Relogio LLC | Orlando, Decatur | filed 06/24/19 closed 04/22/20 |
| 4:19-cv-00178-JPB | Guthrie v. Driveline Retail Merchandising, Inc. | Jackson, Nashville; John McCown, Dalton | filed 08/15/19 closed 10/15/19 |
| 4:19-cv-00179-TWT | Stanley v. Nissin Brake Georgia, Inc. | Jackson, Nashville; John McCown, Dalton | filed 08/15/19 closed 02/04/20 |
| 4:19-cv-00181-AT | Rheinschmidt v. SNL Distribution Services Corporation | Smith, Atlanta | filed 08/16/19 closed 06/15/20 |
| 4:19-cv-00205-ELR | Stanley v. Acosta, Inc. | Smith, Atlanta | filed 09/13/19 closed 11/27/19 |
| 4:19-cv-00219-AT | Spurlock et al v. Complete Cash Holdings, LLC et al | DCBFB, Atlanta | filed 09/24/19 closed 01/25/21 |
| 4:19-cv-00230-SCJ | Rogers v. Ingles Markets, Incorporated | Jackson, Nashville; John McCown, Dalton | filed 10/02/19 closed 03/11/20 |
| 4:19-cv-00294-MHC | Garrison v. King | Jackson, Nashville; John McCown, Dalton | filed 12/19/19 closed 03/27/20 |
| 4:20-cv-00041-TCB | McFarland v. Hospice Source, LLC | Jackson, Nashville; John McCown, Dalton | filed 02/19/20 closed 06/22/20 |
| 4:20-cv-00076-MLB | McRae v. Curbs Plus, Inc. | Jackson, Nashville; John McCown, Dalton | filed 03/27/20 closed 08/28/20 |
| 4:20-cv-00113-LMM | Broome v. Leading the Way Transport Inc. et al | Jackson, Nashville; John McCown, Dalton | filed 05/19/20 closed 10/13/20 |
| 4:20-cv-00143-JPB | Williams v. Gill Industries-Georgia, Inc. | Jackson, Nashville; John McCown, Dalton | filed 06/12/20 closed 12/29/20 |
| 4:20-cv-00144-MLB | Kennedy v. HLTC, Inc. | Jackson, Nashville; John McCown, Dalton | filed 06/12/20 closed 09/30/20 |
| 4:20-cv-00149-TWT | Caudill v. Agora Notus, LLC et al | Orlando, Decatur | filed 03/20/20 closed 06/23/20 |
| 4:20-cv-00175-MHC | Griffith v. Over Easy Number VII, L.P. | Jackson, Nashville; John McCown, Dalton | filed 07/23/20 closed 01/20/21 |
| 4:20-cv-00279-MHC | Pritchett v. Evergreen Presbyterian Ministries, Inc. | Jackson, Nashville; John McCown, Dalton | filed 12/01/20 |
| 4:21-cv-00039-WMR | Frazier v. D & S Commercial Paint, LLC et al | | filed 02/19/21 |

# ATTACHMENT B

Select Language ▼

# WARREN & GRIFFIN, P.C
### ATTORNEYS AT LAW

Like & Follow us on:

Chattanooga **423-265-HURT**
Dalton **706-529-HURT**
Se habla español

Attorneys   Practice Areas   News & Blog   Locations   Contact

home / attorneys

## John McCown

📞 706-529-4878    ✉ Email Me



Attorney John McCown obtained his doctorate of jurisprudence, magna cum laude, in 1997, from Georgia State University. While is school, Mr. McCown served as Associate Lead Articles Editor for the Georgia State University Law Review. Mr. McCown received the Outer Barristers Guild Award in 1997, and CALI Awards of Excellence in both Constitutional Law and Remedies in 1996. He received his Bachelor of Science degree, with honors, from the University of West Georgia in 1994.

Mr. McCown primarily focuses his practice on personal injury cases and workers' compensation claims.

Warren & Griffin Live Chat

If you need to contact me, please email me directly or call 706-529-HURT (4878).

# ATTACHMENT C

☰ rsjacksonlaw

# Overtime Violations



## Employees Are Generally Entitled to Overtime Pay for Hours Worked Over 40 During a Workweek

Although their are exemptions for certain employees, the Fair Labor Standards Act (FLSA) requires that most employees be paid overtime wages of one and one-half times their regular rate of pay for each hour worked over 40 during a workweek. If you are entitled to overtime pay under the FLSA, your employer is required to pay you overtime wages even if you have agreed with your employer to work without receiving overtime pay. If you have worked overtime hours without receiving overtime pay in violation of the FLSA, you are entitled to overtime back pay. In addition, unless the employer can show that the violation was in good faith, you are also entitled to an equal amount of liquidated damages. Finally, you are also entitled to recover attorneys' fees and costs.

R. Scott Jackson, Jr. has recovered overtime back pay and liquidated damages for many types of employees, including home healthcare workers, such as LPNs and nursing assistants; computer professionals; construction workers; restaurant workers, including servers, cooks, and managers; drivers; automobile technicians/mechanics; store workers, including cashiers and managers; landscaping workers; movers; bookkeepers; secretarial assistants; paralegals; salespersons; and many others. Listed below are some of the situations where employers

violate the law by failing to pay overtime wages.

## Employees Who Are Improperly Treated as Independent Contractors

Many employers improperly treat employees as independent contractors and fail to pay them overtime wages for overtime hours worked. They often pay such employees their regular rate of pay, or "straight time," for overtime hours worked, and send them a 1099 for this income at the end of the work year. Such employees are entitled to an additional half-time premium for their overtime hours.

## Employees Who Work "Off the Clock" Without Receiving Pay

Employers often allow their employees to work "off the clock" when they are not clocked in or outside their normal work schedules. This type of violation can occur when work is performed before the regularly scheduled shift begins, during lunch breaks, or after the regularly scheduled shift ends; when employees are allowed to work at home or away from the job site; and when employers fail to pay for compensable travel time. An employer must pay an employee for any work that the employer knows, or should know, is being performed.

## Employees Who Are Improperly Paid a Salary, a Job Rate, a Trip Rate, or Commissions

Many employers attempt to avoid overtime pay by paying employees a salary even when they work over 40 hours during a workweek. This often occurs with managers whose duties do not qualify them for the FLSA's "executive" exemption from the overtime requirements, but it can occur with other types of employees as well. Similarly, some employees receive a certain amount of money for each job performed, regardless of the number of hours they work. Drivers often receive a "trip rate" for their work instead of overtime pay.  While many drivers are exempt from the overtime requirements, many others are entitled to overtime pay. Although employers are allowed to pay commissions instead of overtime in some circumstances, employers often violate the FLSA's strict requirements for commission pay.

# Other Employee Rights



## Age Discrimination

If you are over 40 years old, the law protects you from being discriminated against because of your age. The federal law that provides these protections is called the Age Discrimination in Employment Act (ADEA). If you are in the protected class of workers over 40 years old, it is a violation of the ADEA for an employer to fail to hire you, fail to promote you, demote you, terminate you, pay you less, or take any adverse action against you because of your age. Age discrimination cases can be proved when an employer makes age related comments in conjunction with adverse action against you, such as suggesting that you retire, or making comments about your age. Moreover, there is a presumption of age discrimination when you are terminated and replaced by a younger worker. Reduction in force, where an employer lays off a portion of its workforce, must also pass ADEA scrutiny. If an employer discriminates against you because of your age in violation of the ADEA, you may be entitled to damages that include back pay, front pay, loss of benefits, liquidated damages, and attorneys' fees and costs.

## Sexual Discrimination and Sexual Harassment

Title VII of the Civil Rights Act of 1964 protects you from being discriminated against or harassed because of your gender. The Pregnancy Discrimination Act of 1978 amended Title VII by specifically making its protections applicable to pregnancy. It is a violation of federal law for an employer to fail to hire you, fail to promote you, demote you, terminate you, pay you less, or take any adverse action against you because of your gender. If an employer discriminates against you because of your gender in violation of Title VII, you may be entitled to damages that include loss of pay and benefits, compensatory damages, including damages for emotional distress and pain and suffering, punitive damages, and attorneys' fees and costs. The Equal Pay Act of 1963 also specifically provides that women must receive the same pay as men for similar jobs, and provides for the recovery of back pay, liquidated damages, and attorneys' fees and costs when the Act is violated.

The law also protects employees from sexual harassment. For example, if a supervisor or co-worker of a female employee makes sexually explicit jokes or comments in the female's presence, this can be illegal sexual harassment. Of course, sexually suggestive touching or groping is sexual harassment, and a supervisor or superior is prohibited from asking for or suggesting sexual favors in return for workplace benefits. Damages for sexual harassment may include recovery of loss of pay and benefits, compensatory damages, including damages for emotional distress and pain and suffering, punitive damages, and recovery of attorneys' fees and costs.

## Race Discrimination

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against you based on your race, color, or national origin. It is a violation of Title VII for an employer to fail to hire you, fail to promote you, demote you, terminate you, pay you less, or take any adverse action against you because of your race, color, or national origin. You are also protected from being subjected to racial or ethnic slurs or other such harassment in the workplace. If an employer discriminates against you or you are subjected to harassment because of your race, color, or national origin in violation of the Title VII, you may be entitled to damages that include loss of pay and benefits, compensatory damages, including damages for emotional distress and pain and suffering, punitive damages, and attorneys' fees and costs.

## Disability Discrimination

If you have a disability, you are protected from discrimination by the Americans with Disabilities Act (ADA). This includes discrimination in hiring, promotion, termination, compensation, and any adverse action. Moreover, employers covered under the ADA must provide a reasonable accommodation to an otherwise qualified person with a disability, unless the accommodation would impose an undue hardship on the operation of the business. If your rights under the ADA are violated, you may be entitled to damages that include loss of pay and benefits, compensatory damages, such as mental anguish and inconvenience, punitive damages, and attorneys' fees and costs.

## Family and Medical Leave Act (FMLA)

The FMLA provides certain employees with protections when they are required to miss work due to a serious medical condition of the employee or the employee's immediate family, or due to the birth or adoption of a child. If you and your employer are covered under the FMLA, you are entitled to 12 weeks of unpaid leave required by such a medical condition, and the employer must maintain your health insurance benefits while you are on leave and return you to the same or an equivalent position. Only employers with at least 50 employees are

covered under the FMLA. An employee is covered only if he/she has been employed by the employer for 12 months, has worked at least 1,250 hours during the previous 12 months before leave is taken, and works at a location that is within 75 miles of where the employer employs 50 or more employees. An employee may recover damages for a violation of the FMLA that include loss of pay and benefits, liquidated damages, and attorneys' fees and costs.

## COBRA Violations

If you have health insurance through your employer and you leave the job, you have a right to continue your coverage under that policy for a period of at least 18 months by continuing to

pay the insurance premiums yourself. This is a protection under federal law through the Consolidated Omnibus Budget Reconciliation Act (COBRA). After you leave a job or if you lose coverage due to a reduction in hours, an employer has 30 days to notify the plan administrator of this qualifying event. The plan administrator has 14 days to provide you with your COBRA election notice, explaining your rights to elect to continue coverage under the health insurance plan. If an employer fails to provide this election notice in a timely fashion, you may be entitled to damages that include the cost of medical expenses, a penalty of up to $110 a day, and attorneys' fees and costs.

Copyright © 2018 rsjacksonlaw - All Rights Reserved.

Powered by GoDaddy GoCentral Website Builder